UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZANE JACK FIELDS,<br><br>                Petitioner,<br><br>    v.<br><br>RANDY BLADES, Warden,<br><br>                Respondent. | Case No. 1:95-cv-00422-BLW<br><br>**CAPITAL CASE**<br><br>**MEMORANDUM DECISION AND ORDER** |

      Petitioner Zane Jack Fields is an Idaho state prisoner under a sentence of death. Currently pending in this habeas corpus matter is Petitioner's Motion for Reconsideration (Dkt. 342) of the Court's March 31, 2015 Memorandum Decision and Order, which denied Petitioner's request for an evidentiary hearing on whether *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applied to excuse the procedural default of certain claims of ineffective assistance of counsel ("IAC"). In that decision, the Court determined that, as a matter of law, Petitioner could not satisfy the requirements of the *Martinez* exception.[1] (Dkt. 318.)

---

[1] In the same March 2015 decision, the Court deferred its final ruling on Petitioner's request for an evidentiary hearing on actual innocence until after the Court addresses the merits of Petitioner's non-defaulted claims. (Dkt. 318 at 15-17.)

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, including the state court record, the Court concludes that oral argument is unnecessary. D. Idaho Loc. Civ. R. 9.2(h)(5). Accordingly, the Court enters the following Order denying Petitioner's Motion for Reconsideration.

1.     **Standard of Law**

The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)). A motion for reconsideration should not be used "as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854-55 (S.D. Iowa 2008) (internal quotation marks omitted).

In *Martinez v. Ryan*, the Supreme Court held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. The familiar prongs of the *Martinez* test are as follows: (1) the underlying IAC claim is a "substantial" claim; (2) the "cause" for the procedural default consists of

**MEMORANDUM DECISION AND ORDER - 2**

there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918, 1921 (2013).

**2.     Discussion**

Petitioner challenges the Court's March 31, 2015 decision on four grounds. First, Petitioner argues that (a) because Claim 3(L) is substantially altered from the corresponding claim raised in state court, the Court incorrectly determined that Claim 3(L) failed the third prong of the *Martinez* test, and (b) *Martinez* excuses the procedural default of Claim 3(L). (Dkt. 342-1 at 4-5, 7-47.)

Second, Petitioner contends that, contrary to the implication in the Court's March 31 decision, he did not forfeit or waive his *Martinez* argument as to Claim 3(Q) by failing to adequately support it in his initial briefs on the motion for an evidentiary hearing. (*Id.* at 5-6, 48-51.)

Third, Petitioner asserts that initial postconviction counsel's alleged conflict of interest excuses the default of Claims 3(A), 3(E), and 3(F), as well as Claims 3(L) and 3(Q). (*Id.* at 6, 52-55.) The Court did not address this issue in its March 2015 Order because it determined that Claims 3(A), 3(E), and 3(F) were not substantial.

**MEMORANDUM DECISION AND ORDER - 3**

Fourth, Petitioner argues that Claims 10, 11, and 14 (which are not IAC claims), as well as the "related trial counsel IAC Claim, Claim 3(O)," are excused from procedural default under a traditional (non-*Martinez*) cause-and-prejudice analysis. (*Id*. at 6, 55-59.) Petitioner also appears to challenge the Court's decision that Claim 3(O) is insubstantial and therefore not subject to *Martinez*.

The Court will address Petitioner's arguments in turn.

### A. Claim 3(L) Was Defaulted during Post-Conviction Appellate Proceedings; Nonetheless, the Claim Is Insubstantial

In its March 2015 decision, the Court concluded that *Martinez* did not apply to Claim 3(L)—which asserts IAC based on trial counsel's failure to investigate the inmates who were in contact with the inmate witnesses (Acheson, Bianchi, and Heistand)—because Claim 3(L) was defaulted during post-conviction *appellate* proceedings, rather than during the initial post-conviction proceeding. (Dkt. 318 at 47-48.) *See Martinez*, 132 S. Ct. at 1320 (stating that the *Martinez* exception does not apply to claims defaulted during "appeals from initial-review collateral proceedings, second or successive collateral proceedings, [or] petitions for discretionary review in a State's appellate courts"). Petitioner objects, claiming that Claim 3(L) is fundamentally altered from the claim that was presented in Petitioner's initial post-conviction petition. *See Dickens v. Ryan*, 740 F.3d 1302, 1319-20 (9th Cir. 2014) (en banc) (holding that *Martinez* can apply not only to IAC claims never adjudicated in state court, but also to IAC claims that *were* adjudicated on the merits, but were adjudicated on an inadequate record as a result of PCR counsel's ineffectiveness, if the claims are fundamentally altered from those

**MEMORANDUM DECISION AND ORDER - 4**

presented in state court). Thus, contends Petitioner, Claim 3(L) was defaulted during initial post-conviction review ("PCR") proceedings—not during the appeal of those proceedings—and *Martinez* excuses the default.

Petitioner has failed to show that the Court's decision on Claim 3(L) was clearly erroneous. As an initial matter, Fields did not argue in his motion for an evidentiary hearing on *Martinez* that Claim 3(L) was fundamentally altered from the claim raised in his initial state post-conviction petition. (Dkt. 275-1, 313.) Rather, Petitioner stated that "a number of sub-claims in the [Second Amended Petition] contain additional allegations [from those contained in the First Amended Petition]." (Dkt. 275-1 at 44.) It was certainly not clear error for the Court to refrain from considering whether Claim 3(L) was fundamentally altered from the claim raised in state court when Petitioner never asked the Court to do so. It was Petitioner's burden to establish all four *Martinez* prongs. He did not.

Further, even assuming Claim 3(L) is fundamentally altered from the claim raised in Petitioner's post-conviction petition and, therefore, was defaulted in that initial-review collateral proceeding rather than on appeal from the denial of the initial petition, Claim 3(L) is not substantial. The Court noted in its previous decision that the claim appeared insubstantial because trial counsel seemed "to have reasonably determined how to marshal the limited time and resources available in providing Petitioner a defense"; therefore, deciding "to forego investigating the hundreds of inmates who could have had

**MEMORANDUM DECISION AND ORDER - 5**

contact with the multiple inmate snitches" appeared to be objectively reasonable. (Dkt. 218 at 48 n.13.)

The Court now holds explicitly that Claim 3(L) is insubstantial. Petitioner has not rebutted the presumption that trial counsel made a reasonable strategic decision to focus their investigation on other areas given their limited time and resources. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[The] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") (internal quotation marks omitted). Petitioner has not established extraordinary circumstances that justify reconsideration of the Court's previous decision that *Martinez* does not apply to excuse the default of Claim 3(L).

As part of his argument that Claim 3(L) is substantial, Petitioner also contends that the Court used an "improper standard" in its analysis of whether trial counsel's performance with respect to Edson and the inmate witnesses prejudiced Petitioner. (Dkt. 342-1 at 26-27.) Petitioner asserts that this "flawed prejudice analysis" consisted of the Court using a sufficiency of the evidence approach or an outcome-determinative test in determining that there is no merit to the claim that trial counsel's performance prejudiced Petitioner. (*Id.* at 26.)

Contrary to Petitioner's contention, the Court discussed and used the proper substantiality standard set forth in *Martinez* and *Trevino*. When the Court noted that the

**MEMORANDUM DECISION AND ORDER - 6**

jury "did not have to believe all of the inmate snitch witnesses in order to convict Petitioner," the Court was simply explaining that the 2014 Stan Nelson affidavit did not call into question the testimony of the other inmate witnesses but, rather, was confined to Acheson's testimony, and the "additional potential impeachment of [Acheson as set forth in the Nelson affidavit] does not support a reasonable inference that, had Acheson been further impeached, there is a reasonable probability that Petitioner would not have been found guilty." (Dkt. 318 at 45.)

Petitioner's contention that the Court failed to appropriately use a "holistic evaluation of whether the result likely would be different with the new evidence that was not presented" (Dkt. 342-1 at 26) is not only factually incorrect—it is also irrelevant. The Court did not rest its *Martinez* ruling solely on a conclusion that trial counsel's actions with respect to Edson and the inmate witnesses were not prejudicial. Rather, the Court held that trial counsel did not render deficient performance as to any of those witnesses.[2] Therefore, Claim 3(L) is insubstantial with respect to both the performance and prejudice prongs of *Strickland*.

---

[2] The Court did note that, with respect to Acheson's testimony, the new affidavit by Stan Nelson was insufficient to establish a substantial IAC claim because the affidavit "could diminish Acheson's credibility only if Nelson was always present and attentive while Petitioner and Acheson had their conversations" and that, "when weighed against the substantial impeachment that trial counsel already achieved, Nelson's 2014 affidavit does not support a substantial claim that Petitioner was prejudiced by trial counsel's failure to investigate and interview Nelson, even assuming that trial counsel should have done so." (Dkt. 318 at 44-45.) However, the Court made this statement only after it had already determined that trial counsel did not perform deficiently with respect to Acheson, given that counsel got Acheson to change his story on the witness stand and established Acheson's motive to lie. (*Id*. at 42-43.) And, as stated above, the Court also holds that trial counsel's decision not to investigate the many inmates who might have had contact with the inmate witnesses "was based on a reasonable investigative strategy" considering the limited time and resources available to counsel. (Dkt. 318 at 45 n.11.)

**MEMORANDUM DECISION AND ORDER - 7**

**B.      Even if Petitioner Did Not Forfeit the Argument that Martinez Excuses the Default of Claim 3(Q), that Claim Is Insubstantial**

In Petitioner's opening brief in support of his motion for evidentiary hearing on *Martinez v. Ryan*, Petitioner included a short, two-sentence argument as to Claim 3(Q)—a claim of cumulative error from alleged IAC. (Dkt. 275-1 at 60.)

The Court did not address Petitioner's *Martinez* argument as to Claim 3(Q) in its March 2015 decision, and Petitioner objects to the implication that he forfeited his *Martinez* argument as to Claim 3(Q). However, regardless of whether the argument was properly before the Court or not, the Court concludes that Claim 3(Q) is insubstantial.

If a habeas petitioner's trial counsel committed multiple errors, none of which alone is sufficient to establish *Strickland* prejudice, the petitioner may still attempt to show that the cumulative effect of counsel's errors was prejudicial. *Cooper v. Fitzharris*, 586 F.2d 1325, 1333 (9th Cir. 1978) ("If counsel is charged with multiple errors at trial, absence of prejudice is not established by demonstrating that no single error considered alone significantly impaired the defense—prejudice may result from the cumulative impact of multiple deficiencies."). However, cumulative-error IAC is a prejudice doctrine, not a performance doctrine. That is, cumulative error presupposes error. If counsel did not perform deficiently (in more than one area), the cumulative prejudice doctrine does not apply.

The IAC claims that the Court addressed in its March 2015 decision were Claims 3(A), 3(C), 3(D), 3(E), 3(F), 3(I), 3(J), 3(K), 3(L), 3(N), and 3(O). As to the guilt-phase IAC claims (represented in Claims 3(A), 3(C), 3(D), 3(E), 3(F), 3(N), and 3(O)), the

**MEMORANDUM DECISION AND ORDER - 8**

Court determined that trial counsel did not perform deficiently as alleged in those claims. (Dkt. 318 at 27-46, 51-56.) As explained above, counsel also did not perform deficiently as alleged in Claim 3(L).

In its *Martinez* ruling on Claim 3(N), the Court relied on the lack of *Strickland* prejudice, stating that Petitioner had offered no support whatsoever for his assertion of prejudice. (*Id*. at 48-49.) However, this statement applies equally to the performance prong of *Strickland*—Petitioner simply did not make out a meritorious assertion of deficient performance as to this claim. Therefore, the Court now holds expressly that Claim 3(N) is insubstantial not only because there is no merit to Petitioner's assertion that he was prejudiced by counsel's failure to investigate obtain copies of all police and IDOC documents, but also because there is no merit to his assertion that counsel performed deficiently in that respect.

With respect to the Court's *Martinez* ruling on the remaining three claims—Claims 3(I), 3(J), and 3(K), all of which are sentencing IAC claims—the Court did not explicitly conclude that counsel performed reasonably. The Court stated that Petitioner's "brief, vague, and generalized argument does not remotely suggest" entitlement to an evidentiary hearing on the defaulted sentencing IAC claims, because Petitioner had not "made a colorable argument, supported by specific evidence, that any *particular* defaulted sentencing IAC claim is substantial or that initial PCR counsel was ineffective in failing to raise it in state court." (*Id*. at 57.) Though the Court did not separate its

**MEMORANDUM DECISION AND ORDER - 9**

analysis into performance and prejudice, it now holds that Petitioner has failed to establish substantiality as to performance or prejudice with respect to these three claims.

As explained in the Court's March 2015 Order, and as explained further above, Petitioner has not established a meritorious claim that trial counsel performed deficiently as alleged in Claims 3(A), 3(C), 3(D), 3(E), 3(F), 3(I), 3(J), 3(K), 3(L), 3(N), or 3(O). Not only is each of these individual procedurally-defaulted IAC claims insubstantial, but Petitioner's claim of cumulative-error IAC, as set forth in Claim 3(Q), is also insubstantial. *See Runningeagle v. Ryan*, 825 F.3d 970, 990 n.21 (9th Cir. 2016) ("We reject [Petitioner's] cumulative error argument, which would require us to accumulate a number of trial-level IAC claims that we have found insubstantial or unsuccessful on the merits . . . .").

A criminal defendant is entitled to a reasonably competent attorney—not a perfect attorney. *See Strickland*, 466 U.S. at 687. Petitioner has not established that the Court's decision on Claim 3(Q) was clearly erroneous.

### C. *Alleged Post-Conviction Conflict of Interest as Cause to Excuse Procedural Default of Claims 3(A), 3(E), 3(F), 3(L), and 3(Q)*

Because the Court concluded that Claims 3(A), 3(E), and 3(F) were insubstantial, it did not reach Petitioner's argument that initial PCR counsel operated under a conflict of interest that rendered PCR counsel's assistance ineffective. (Dkt. 318 at 46.) Petitioner now asks the Court to address that issue, claiming that the Court made "two factual errors" in its decision on these claims. (Dkt. 342-1 at 51-52.)

**MEMORANDUM DECISION AND ORDER - 10**

The first purported "factual" error is that the Court "limited its analysis to whether the conflict would excuse only the defaulted trial IAC claims involving inadequate cross-examination of Edson, Bianchi, Heistand, and Acheson"—Claims 3(A), (E), and (F). (*Id.* at 52.) Petitioner argues that the conflict-of-interest issue also excuses the default of Claims 3(L) and 3(Q). The second purported error is the Court's statement that PCR counsel *previously* represented some of the inmate witnesses, while Petitioner states that the witnesses were current *and* former clients of PCR counsel. (*Id.* at 53.)

Neither of these alleged errors affects the Court's conclusions—either in its previous decision or in the instant Order—that Claims 3(A), 3(E), 3(F), 3(L), and 3(Q) are insubstantial. Post-conviction counsel's conflict of interest would be implicated in the *second* prong of *Martinez*. The Court did not, and does not, need to reach that issue because Claims 3(A), 3(E), 3(F), 3(L), and 3(Q) fail the *first* prong of *Martinez*—substantiality. The Court will not repeat its reasoning behind its substantiality determinations. It suffices to say that Petitioner has not established extraordinary circumstances to warrant reconsideration on this basis.

### D. *Claims 10, 11, and 14, and Related Trial IAC Claim 3(O)*

Petitioner has argued that Claims 10, 11, and 14 (which are not IAC claims) are excused from procedural default under a traditional cause-and-prejudice analysis. The Court disagreed in its previous decision (Dkt. 318 at 53-54), and Petitioner has not shown clear error or manifest injustice. In addition, the Court held long ago that the default of these three claims as set forth in the First Amended Petition—with the exception of the portion of Claim 11 relating to a letter written by Detective Smith—is not excused. (Dkt.

**MEMORANDUM DECISION AND ORDER - 11**

109 at 19-20, 22-23, 27-28.) *Martinez* does not affect the Court's previous procedural default ruling with respect to these non-IAC claims.[3]

Petitioner also appears to argue that Claim 3(O), the trial IAC claim related to Claims 10, 11, and 14, is substantial under *Martinez*. The Court's previous decision explained the Court's reasoning for finding the claim insubstantial. (Dkt. 318 at 49-54.) The Court need not repeat itself here. Petitioner's argument is simply a disagreement with the Court's legal analysis as to the applicability of *Martinez*—a matter for appeal, not reconsideration.

## CONCLUSION

Petitioner has not established that the Court's March 31, 2015 decision was clearly erroneous and would work a manifest injustice. *See Christianson*, 486 U.S. at 817.

## ORDER

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Dkt. 342) is DENIED.

DATED: **March 21, 2017**

B. Lynn Winmill
Chief Judge
United States District Court

---

[3] The Court recognizes that the parties are still briefing the issue of procedural default with respect to Claim 11 as set forth in the *Second* Amended Petition. The Court simply reasserts its conclusions that (1) *Martinez* has no applicability to Claims 10, 11, or 14, and (2) Petitioner's fleeting argument on traditional cause and prejudice—in his reply in support of his motion for an evidentiary hearing—was insufficient to establish actual and substantial prejudice as to these claims. *See United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER - 12**